Filed 10/29/15  P. v. Benton CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B262980 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA088004) |
| v. | |
| CHRISTOPHER A. BENTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie E. Brown, Judge.  Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On January 29, 2015, Christopher Benton pled guilty to one count of second degree robbery (Pen. Code, § 211).[1]  As a result, companion charges of second degree commercial burglary (§ 459), theft of a credit access card (§ 484e, subd. (c)), and two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1)) were dismissed. Benton received a combined state prison sentence of 10 years as follows:  The low term of two years for the robbery, doubled to four years under the Three Strikes law; a five-year enhancement based on his previous conviction of a serious felony (§ 667, subd. (a)(1)); and a one-year enhancement for having served a prior prison term (§ 667.5, subd. (b)).

The facts underlying the robbery plea are contained in the pre-plea probation report.  According to that report, on July 10, 2014, Benton's girlfriend (and codefendant) Kimberly Harding agreed to sell a Xanax tablet to Kevin Cooke.  They arranged to meet in a supermarket parking lot.  When Cooke arrived, he saw Benton in the driver's seat of a parked car, with Harding in the front passenger seat.  They asked Cooke to get in the car.  After Cooke did so, Benton pointed a gun at Cooke and said, "Give me your shit." Cooke gave Benton his driver's license, credit card, watch, cell phone, and a pack of cigarettes.  Cooke left after Benton told him to go.

After Cooke reported the incident to the police, Harding's phone records and Facebook page led the officers to Benton, whom Cooke identified as the gunman.  A search of the apartment shared by Benton and Harding turned up a safe that contained two watches, five cell phones, a camera, a handgun that resembled the one used during the hold-up, and Benton's cell phone.  A check of Benton's cell phone revealed three photos of Cooke's driver's license that had been taken on the night of the robbery.

The trial court took Benton's plea after Benton acknowledged having signed a waiver of rights advisement form in consultation with his lawyer.  We appointed counsel to represent Benton on appeal.  On August 20, 2015, after examining the record, counsel filed an opening brief in which no issues were raised.  The brief included a declaration

---

[1]     All further section references are to the Penal Code.

stating that counsel had informed Benton of his right to file a supplemental brief. That same day we advised Benton of his counsel's inability to find any arguable issues and told Benton he had 30 days to submit by brief or letter any contentions he wished this court to consider. Benton did not do so.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259; *People v. Wende* (1979) 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.


                                                          RUBIN, J.

WE CONCUR:


        BIGELOW, P. J.


        GRIMES, J.